JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT CARPIO, <br><br> Plaintiff, <br><br> v. <br><br> ABM INDUSTRIES INCORPORATED, and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No.: SACV 24-00275-CJC (KESx) <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 11] |

    Plaintiff Robert Carpio filed this case in state court in April 2023 asserting that his employment with Defendant ABM Industries Incorporated was wrongfully terminated. (*See* Dkt. 1-1 [Complaint].) The parties do not dispute that Plaintiff properly served the Summons and Complaint on Defendant's designated agent for service of process, CT Corporation System ("CT"), on April 18, 2023. (*See* Dkt. 11-4, Ex. B [Proof of Service]; Dkt. 13 [Opposition, hereinafter "Opp."] at 5–6.) Unfortunately, CT forwarded the properly-served documents to ABC Industries, not to Defendant. (*See* Dkt. 13-5; Opp. at 6 ["[D]ue to what appears to be a clerical error on the part of CT Corp, the documents

were never forwarded to ABM," as "CT Corp forwarded the documents to an entirely different entity, ABC Industries, which has no relation to ABM."].) Upon discovering the error, on April 26, 2023, Plaintiff's counsel emailed Natalie Hernandez, an attorney at Ogletree Deakins, Defendant's outside counsel which handled Plaintiff's February 2022 request for his personnel file. (Dkt. 13-3 [Declaration of Robert Kaitz] ¶ 4, Ex. B.) Plaintiff's counsel told Ms. Hernandez that his office filed and served on Defendant through CT the Complaint, which he attached, but CT "forwarded the documents to the wrong entity (ABC Industries)." (Dkt. 13-5.)

Months went by. There appear to have been some proceedings in state court regarding service, but it is difficult to ascertain from the docket the precise nature of those proceedings. (*See* Dkts. 14-1 [State Court Minute Order continuing Case Management Conference and stating "If no service, a Declaration re: Service is ordered to be filed by Plaintiff prior to" Case Management Conference], 14-2 [State Court Docket].) On January 10 2024, "Plaintiff served a *courtesy copy* of the original summons and complaint, along with the original April 18, 2023, proof of service, on *the same designated agent for service*, per the California Secretary of State website, to spur Defendant into responding before entering default against them." (Dkt. 11 [Mot.] at 3 [emphases in original].) This time, CT correctly forwarded the documents to Defendant. (Dkt. 13-4.) On February 9, 2024, Defendant removed the case to this Court. (Dkt. 1.)

Now before the Court is Plaintiff's motion to remand to state court for failure to timely remove. (Dkt. 11.) "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). When a case is

removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a court determines it lacks subject matter jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c).

Defendant—the party bearing the burden of proving removal was timely—does not dispute that Plaintiff properly served its designated agent, CT, in April 2023. Nor does it dispute that Plaintiff's counsel emailed the Complaint to Defendant's outside counsel when he realized CT's error. Nevertheless, Defendant argues that the 30-day time period to remove should not begin to run in April 2023 because Defendant never received actual notice at that time, and that the time period should instead begin to run from Plaintiff's January 2024 service, which resulted in actual notice. (Dkt. 13 at 5–10.) In support of this argument, Defendant directs the Court to *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126 (9th Cir. 2019). In *Anderson*, the Ninth Circuit held that service of the summons and complaint on "a statutorily designated agent," there the state Insurance Commissioner, is not enough to trigger the removal period, and that the removal period is instead triggered when the defendant's "designated recipient receive[s] the complaint." 917 F.3d at 1127, 1130. This is because "an agent designated by the state legislature to receive service fundamentally differs from a defendant's agent-in-fact, because the defendant has no meaningful say in or control over the former." *Id.* at 1128; *RedWind Renewables, LLC v. Terna Energy USA Holding Corp.*, 2021 WL 5769308, at *2 (D. Minn. Dec. 6, 2021) ("Terna's reliance on [*Anderson*] and other cases involving statutory agents, is inapposite. In *Anderson*, the [Ninth Circuit] explicitly distinguished a statutory agent—an agent designated by the state legislature—from a registered agent, concluding that a defendant clearly is served when its *registered* agent is served because defendants have "meaningful say in [and] control over" their registered agents.").

The *Anderson* rule requires remand here. CT, the agent that received the Summons and Complaint, was Defendant's designated agent, not its statutory agent. The 30-day window therefore began to run when Plaintiff properly served CT in April 2023, and Defendant's removal is untimely. *See, e.g.*, *Reger v. Century Nat'l Ins. Co.*, 2022 WL 16960530, at *1 (W.D. Wash. Nov. 16, 2022) (applying the *Anderson* rule to conclude that the defendant was properly served when the statutorily-mandated agent served the defendant's designated agent, Corporation Service Company); *Sw. Marine & Gen. Ins. Co. v. Main St. Am. Assurance Co.*, 2021 WL 4441513, at *1 (S.D.N.Y. Sept. 28, 2021) (determining that 30-day clock began to run not when New York State Department of Financial Services—a statutory agent—was served, but rather when Corporation Service Company—the defendant's registered agent for service of process—was served); *Peng v. Li*, 2021 WL 3077452, at *3n.2 (C.D. Cal. July 21, 2021) (granting motion to remand based on untimely removal, distinguishing *Anderson* on the basis that *Anderson* concerned statutorily-designated agents, and explaining that "[a] rule that requires inquiring into when a defendant actually received the summons and complaint in each case—even when defendant is properly served . . . —would result in uneven application of Section 1446."). Accordingly, Plaintiff's motion to remand is **GRANTED**.[1]

DATED: April 15, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 22, 2024, is hereby vacated and removed from the calendar.